```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**DARRELL WHITE,**

    **Plaintiff,**

   v.                                     **Case No. 2:10-CV-1117**
                                            **JUDGE MARBLEY**
                                            **MAGISTRATE JUDGE KING**

**OHIO FAIR PLAN,**

    **Defendant.**

<u>**OPINION AND ORDER**</u>

    On May 24, 2011, the United States Magistrate Judge recommended that Plaintiff's motion for summary judgment, Doc. No. 29, be denied and that Defendant's motion for summary judgment, Doc. No. 31, be granted.  *Order and Report and Recommendation*, Doc. No. 37.  This matter is before the Court on Plaintiff's various objections to that recommendation.  Doc. Nos. 39, 40, 41, 43 and 44.  Plaintiff's motions for leave to supplement his opposition and objections, Doc. Nos. 39, 41, 44, are **GRANTED.**  For the reasons that follow, however, Plaintiff's *Objections* are denied and the recommendation of the Magistrate Judge is adopted and affirmed.

I.

    Plaintiff Darrell White ["Plaintiff"], an inmate who is proceeding without the assistance of counsel, brings this action against the Ohio Fair Plan ["Defendant"] in connection with a dispute regarding an insurance policy.  Plaintiff asserts various constitutional violations against the Defendant pursuant to 42 U.S.C.

§§ 1981 and 1983.  Plaintiff also asserts claims arising under state law.

As the Magistrate Judge noted, Plaintiff's *Amended Complaint*, Doc. No. 15, alleges only in conclusory fashion that his rights were violated by Defendant.  Because Plaintiff offered little by way of factual support for his claims, Defendant clarified the facts giving rise to this action.  In particular, this action follows a state court action in which Plaintiff challenged Defendant's denial of insurance coverage following a fire at his property located in Lima, Ohio, in 2006.  *See* Exhibit 1 attached to *Defendant's Motion for Summary Judgment*.  The Court of Common Pleas for Franklin County, Ohio, dismissed that action after concluding that Plaintiff's claim was barred by the one year limitation period set forth in the insurance policy.  *See* Exhibit 3, at 2-3, *id.*  Plaintiff appealed that decision but the appeal was dismissed because Plaintiff failed to file an appellate brief.  *See* Exhibit 5, *id.*  Plaintiff appealed that decision to the Ohio Supreme Court, which refused jurisdiction on March 10, 2010.  *See* Exhibit 7, *id.*

In addressing the *Motions for Summary Judgment* in this action, the Magistrate Judge concluded that "under the *Rooker-Feldman* doctrine, [the Court] lacks jurisdiction to review the decision of the Franklin County Court of Common Pleas, which appears to be the crux of Plaintiff's claims in this Court." *Order and Report and Recommendation*, at 5.  The Magistrate Judge further concluded that the doctrine of *res judicata* precluded Plaintiff from relitigating the insurance coverage issue in this Court because those are claims that

either were or could have been raised in the state court action. *Id.*, at 5-6. Thus, the Magistrate Judge recommended that Plaintiff's *Motion for Summary Judgment*, Doc. No. 29, be denied and that Defendant's *Motion for Summary Judgment*, Doc. No. 31, be granted.

Plaintiff has filed various objections to this recommendation. The Court now addresses the merits of these objections and reviews the matter *de novo*. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

**II.**

Plaintiff argues that his case should not be dismissed without addressing the merits of his constitutional claims against Defendant. *See Plaintiff's Motion for Leave and Objection*, Doc. No. 39, at 1-2. Plaintiff also takes issue with the Magistrate Judge's reliance on Defendant's recitation of the factual background giving rise to this case. *Id.*, at 3. Finally, Plaintiff argues that counsel should have been appointed to assist him in this action. *See Plaintiff's Objection*, Doc. No. 40, at 1. In short, Plaintiff maintains that he has been discriminated against and denied his federal constitutional rights and that this Court should adjudicate his claims. *See also Instanter Motion to Supplement*, Doc. No. 44.

In reviewing the matter *de novo*, this Court concludes that the Magistrate Judge's decision was correct. Despite Plaintiff's contention that his discrimination and constitutional claims must be adjudicated, the fact remains that the claims concern a matter already litigated in state court. The *Rooker-Feldman* doctrine bars this Court from reviewing a matter that was the subject of an earlier state court

3

action.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Further, the doctrine of *res judicata* requires this Court to give preclusive effect to that final state court judgment.  *See Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007).  This means that, even though the state court did not reach the merits of plaintiff's claims, its final judgment dismissing the case as untimely precludes the litigation in this Court of all claims that either were or should have been raised in the state court.

The Court also finds no error in the Magistrate Judge's reliance on Defendant's recitation of the factual and procedural history of the proceedings in state court.  Contrary to Plaintiff's suggestion, the Court has not ignored the nature of Plaintiff's claims; rather, those claims must be considered in light of the full record from which they arise.  Finally, the Court disagrees with Plaintiff's contention that counsel should have been appointed to assist him.  The appointment of counsel would not change the result of this action.

For all these reasons, the Court denies the *Objections* raised by Plaintiff and adopts and affirms the recommendation of the Magistrate Judge.

### III.

**WHEREUPON**, Plaintiff's *Objections*, **Doc. Nos. 39, 40, 41, 43 and 44** are **DENIED**.  Plaintiff's motions to supplement his opposition and objections, **Doc. Nos. 39, 41 and 44**, are **GRANTED**.  The *Order and Report and Recommendation,* **Doc. No. 37**, is **ADOPTED and AFFIRMED**.

4

Defendant's *Motion for Summary Judgment,* **Doc. No. 31**, is **GRANTED**. Plaintiff's *Motion for Summary Judgment*, **Doc. No. 29**, is **DENIED**.  The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this action.

    *s/Algenon L. Marbley*
    Algenon L. Marbley
    United States District Judge